# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61351-GAYLES

ADEM ALBRA,

        Plaintiff,

v.

STATE OF FLORIDA,

        Defendant,

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Adem Albra, appearing *pro se*, filed this action on May 30, 2019 [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A complaint is subject to dismissal . . . 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2017) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

In his Complaint, Plaintiff alleges that a Florida state court judge "issued a temporary restraining order against [him] which does not meet the [Florida] definition of domestic violence" and that, therefore, the State of Florida has unjustly deprived him of his liberty and property without due process. [ECF No. 1]. As relief, Plaintiff asks the Court to force the State of Florida to appear at a hearing to explain its justification for issuing the restraining order. Plaintiff also filed a motion for "Emergency Temporary and Permanent Injunction" seeking "an immediate injunction against the State" and requesting that he be permitted to return to his property. [ECF No. 4].

To the extent that Plaintiff is asserting a claim against the state court judge who issued the restraining order, Plaintiff's claim must be dismissed. Judges are absolutely immune from suit and are not subject to liability for judicial actions taken within their jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). To the extent that Plaintiff seeks to enjoin a domestic violence proceeding against him in state court, Plaintiff's claim must also be dismissed. Federal district

courts are prohibited under the Anti-Injunction Act from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See also Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 656 (11th Cir. 2014) (holding that "district court abused its discretion by enjoining the state court's default eviction judgment."). Accordingly, this Court has no authority to order the Florida state court to vacate the restraining order against Plaintiff.[1]

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of May, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

1  Based on the allegations in the Complaint, it appears that the state court action is still pending. However, if the state court has entered a final judgment against Plaintiff, this action would be barred by the Rooker-Feldman doctrine. *See Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009) ("The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.").